IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

THOMAS P. O'ROURKE,
    *Plaintiff*

                *Case No.*
  v.             *Before the Hon.*

*AMERICAN EXPRESS COMPANY, INCORPORATED (AMEX),*
    *Defendant.*
_____/

Gary A. Colbert (P 22961)
ZOMBIE DEBT KILLERS, INC. ©
Plaintiff's Attorney
29452 Pendleton Club Drive
Farmington Hills, MI   48336
(248) 615-3719
garysweb1@yahoo.com

_____/

*COMPLAINT FOR CIVIL PENALTIES AND FOR INJUNCTIVE AND OTHER RELIEF*

**NOW COMES**, Thomas P. O'Rourke, by and through his attorney, Gary A. Colbert of ZOMBIE DEBT KILLERS, INC. and for his cause of action states the following facts:

1. Plaintiff brings this lawsuit under Section 814 of the Federal Fair Debt Collections Practices Act (hereinafter the FDCP), 15 U.S.C. § 1692 to obtain monetary civil penalties as well as injunctive and other relief for Defendant's violation(s) of the FDCP Act.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331, 1337 (a), and 1355; and under 15 U.S.C. 1692k(d).

3. Venue in the Eastern District of Michigan is proper under 28 U.S.C. §§ 1355(b)(1)(A), 1391(b) and 1395(a).

**DEFENDANT**

4. Defendant American Express Company (hereinafter referred to as AMEX) is a corporation which does business and maintains its main office at 200 Vesey Street, New York, NY 10285. It deals with persons or entities living or located within the Eastern District of Michigan, and maintains offices at various places throughout the United States of America and throughout the world. At all times relevant to this Complaint, the Defendant has transacted business in the Eastern District of Michigan, as described herein, as well as at other locations throughout the United States of America.

5. Defendant is a debt collector as the term "debt collector" is defined in Section 803 (6) of the FDCP, 45(m)(1)(A), 49, 53 (b), 56(a) and §1692a(6), *i.e.*, **someone "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . ."**

6. The term "consumer," as used in this Complaint, means any natural person obligated or allegedly obligated to pay any debt as the word "debt" is defined in Section 803 (5) of the FDCP, 15 U.S.C. § 1692a(5); *i.e.,* **"any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." The Plaintiff is such a consumer who purportedly owes the Defendant debt as so defined. The Plaintiff maintained two consumer credit card accounts with the Defendant, referred to herein as Account 4008 and Account 61009. Each account was for personal use.**

**FAIR DEBT COLLECTION PRACTICES ACT**

7. In 1977, Congress enacted the FDCP, 15 U.S.C. §§1692 - 1692o, which became effective on March 20, 1978, more than 30 years ago, and which has continually been in effect ever since.

**PRIOR DISTRICT COURT PROCEEDINGS**

8. Pursuant to "PACER," this Defendant has been involved in much litigation concerning this Statute and is knowledgeable of the prohibitions contained within it.

**VIOLATIONS OF THE FDCP ACT**

9. On July 23, 2009, on behalf of the Plaintiff, his attorney sent a written communication to the Defendant concerning Account Number 4008 in which, *inter alia*, the Defendant was apprised that: (a) its claims were disputed; (b) Plaintiff was represented by counsel; (c) Defendant should stop contacting the Plaintiff or others; (d) all future contact that Defendant wished to make should be with counsel; and (e) to validate its claims of the debt. Defendant failed to respond to this letter in any manner. Defendant did not validate any of its claims of Plaintiff's purported indebtedness (Exhibit 1).

10.  On November 23, 2009, on behalf of the Plaintiff, his attorney sent a written communication to the Defendant concerning Account Number 61009 in which, *inter alia*.,  the Defendant was apprised that: (a) its claims were disputed; (b) that the applicable Statute of Limitations to its claims had elapsed; (c) Plaintiff was represented by counsel; (d) Defendant should stop contacting the Plaintiff or other; (e) all future contact that Defendant wished to make on these matters should be made with counsel; and (f) to validate its claim of the debt allegedly owed by Plaintiff. The defendant failed to respond to this letter in any manner (Exhibit 2).

11. On May 10, 2010, the Defendant was sent a written communication that suit would be commenced if certain conditions were not met by it. The Defendant failed to respond to this letter (Exhibit 3).

12. On many occasions subsequent to the notices sent in July, 2009 and November, 2009,  in connection with the collection of this debt, the Defendant has communicated with the consumer-Plaintiff at times or places that the Defendant knew or should have known to be inconvenient to the consumer, including times before 8:00 a.m. or after 9:00 p.m. or on a Sunday, at the consumer's home, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C. § 1692c(a)(1);  to wit:

   a. Letters From Defendant To Plaintiff On Account Number 4008*;
        November, 2009, Ex. 4
        November, 2009, Ex. 5
        July, 2010          Ex. 6
   b. Letters From Defendant To Plaintiff On Account Number 610098;
         October 31, 2009, Exhibit   7
         November 1, 2009, Exhibit  8
         November 2, 2009, Exhibit  9
         November 6, 2009, Exhibit 10
         December 1, 2009, Exhibit 11
         January  8, 2010, Exhibit 12
         January, 2010, Exhibit 13

   c. Telephone Calls From Defendant to Plaintiff*;
   October 31, 2009, Exhibit 14
   November 1, 2009, Exhibit 15
   November 18, 2009, Exhibit 16

   *Only communications within the last year are included although others, including Sunday communications, exist.

13. On numerous occasions, in connection with the collection of debts, the Defendant has communicated with third parties, including the Plaintiff's former office, for purposes other than acquiring location information about the consumer, without having obtained directly the prior consent of the consumer, his attorney, or the express permission of a Court of competent jurisdiction , and when not reasonably necessary to effectuate a post judgment judicial remedy, a violation of Section 805(b) of the FDCPA,  15 U.S.C. § 1692c(b). Among the telephone calls to Plaintiff's former office are the following:

   a. December 2, 2009
   b. December 3, 2009
   c.  December 3, 2009
   d. May 5, 2010
   e. October, 2010

14.  On many occasions, in connection with the collection of debts, the Defendant has engaged in conduct the natural consequence of which was to oppress, harass or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C.  § 1692d, including, Defendant has threatened to take an action that it cannot legally take or that Defendant did not intend to take in violation of Section 807(5) of the FDPA, 15 U.S.C. § 1692e(5).

15. On many occasions, in connection with the collection of debts, the Defendant has continued attempts to collect a debt after the consumer has notified Defendant in writing within thirty days that the debt or any portion of thereof was disputed and before verification of the debt was provided to the consumer, in violation of Section 8 809(b) of the FDCPA, 15 U.S.C.  § 1692g(b). The verification was never provided.

**CIVIL PENALTIES AND INJUCTIVE RELIEF**

**WHEREFORE,** the Plaintiff prays the Court assess a Civil penalty in Plaintiff's favor against the Defendant in an amount warranted by the evidence entered at trial, but at least in the amount of TWENTY THOUSAND DOLLARS ($20,000.00), plus his actual attorney fees, plus costs and interest as accumulated from the date of filing this lawsuit until its termination. Further, Plaintiff prays the Court for injunctive relief prohibiting the Defendant from continuing to violate the Statute pled herein.

_____, /s/
Gary A. Colbert (P 22961)
Attorney At Law

© 2010, Gary A. Colbert
© 2010, Zombie Debt Killers, Inc.