UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THOMAS P. O'ROURKE,**

    **Plaintiff,**

vs.                                                            Case No.: 10-CV-14374
                                                            Hon. Victoria A. Roberts

**AMERICAN EXPRESS COMPANY, INC.,**

    **Defendant.**
_____/

## DEFENDANT AMERICAN EXPRESS COMPANY, INC'S *CORRECTED* MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

    Now comes Defendant, AMERICAN EXPRESS COMPANY, INC. ("American Express" or "Defendant"), by and through undersigned counsel, and hereby moves this Honorable Court to dismiss this action pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), for failure to state a claim upon which relief can be granted.

    Pursuant to Local Rule 7.1(a), undersigned counsel attempted to consult with Plaintiff's counsel regarding the nature of Defendant's motion and its legal basis, and was unable to obtain concurrence.

    A Brief in Support is attached hereto, and made a part hereof.

                                                     Respectfully Submitted,

                                                     **STILLMAN LAW OFFICE**

                                                     */s/ Mimi D. Kalish*_____
                                                     Attorney for American Express
                                                     7091 Orchard Lake Road, Ste. 270

                                                2

West Bloomfield, MI 48322
(248) 851-6000
mimi@stillmanlaw.com

Dated: December 22, 2010

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS P. O'ROURKE,

    Plaintiff,

vs.                                          Case No.: 10-CV-14374
                                                 Hon. Victoria A. Roberts

AMERICAN EXPRESS COMPANY, INC.,

    Defendant.
_____/

**BRIEF IN SUPPORT OF DEFENDANT AMERICAN EXPRESS
COMPANY, INC.'S *CORRECTED* MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED**

NOW COMES Defendant, AMERICAN EXPRESS COMPANY, INC. ("American Express" or "Defendant"), by and through its counsel, Mimi D. Kalish, and for its Brief in Support of Motion to Dismiss Pursuant to Fed.R.Civ.Pro. ("FRCP") Rule 12(b)(2)(6), sets forth as follows:

3

## STATEMENT OF QUESTIONS PRESENTED

**SHOULD THE CLAIMS OF PLAINTIFF AS TO AMERICAN EXPRESS BE DISMISSED FOR LACK OF FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT, WHERE:**

1.  THE SOLE BASIS OF PLAINTIFF'S CLAIMS AGAINST AMERICAN EXPRESS ARE BROUGHT PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *et seq.*, WHICH HAS NO APPLICABILITY TO CREDITORS COLLECTING DEBTS ON BEHALF OF THEMSELVES?

### Controlling Authority

*Advocacy Organization for Patients and Providers v. Auto Club Ins. Assn.,* 176 F.3d 315, 319 (6th Cir. 1999)

*Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)

*Blachy v. Butcher,* 129 F.App. 173, 180 (6th Cir. 2005).

*Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996).

*Gagliardi v. Village of Pawling,* 18 F.3d 188, 191 (2d Cir. 1994)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)

*James v. Ford Motor Credit, Co.*, 842 F.Supp. 1202, 1206-07 (D. Minn. 1994), *aff'd,* 47 F.3d 961 (8th Cir. 1995)

*Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-406 (6th Cir. 1998)

*Meads v. Citicorp. Credit Serv., Inc.,* 686 F.Supp. 330, 333 (S.D. Ga. 1988).

*Montgomery v. Huntington Bank,* 346 F.3d 693 (6th Cir. 2003)

*Ohio Bell Telephone Co. v. CoreComm Newco, Inc.,* 214 F.Supp. 2d 810, 812 (N.D. Ohio 2002).

*Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985).

*Russell v. Standard Fed. Bank,* 2000 U.S. Dist. LEXIS 19149, 2000 WL 1923513, at 2 (E.D. Mich. 2000);

*Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)

*Stafford v. Cross Country Bank,* 262 F.Supp. 776, 794 (W.D. Ky. 2003)

*Wadlington v. Credit Acceptance Corp.*, 76 F. 3d 103, 106 (6th Cir. 1996) (quoting S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1698

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THOMAS P. O'ROURKE,**

    **Plaintiff,**

vs.                                                                   Case No.: 10-CV-14374
                                                              Hon. Victoria A. Roberts

**AMERICAN EXPRESS COMPANY, INC.,**

    **Defendant.**
_____/

**I. Introduction and Facts**

Plaintiff, Thomas P. O'Rourke ("O'Rourke") filed the within action on November 1, 2010, alleging violations of 15 U.S.C. §1692 *et seq.*, for violation of the Fair Debt Collection Practices Act ("FDCPA"), for acts allegedly committed by Defendant, American Express Company, Inc. ("American Express") in association with the collection of two defaulted American Express accounts issued to Plaintiff. As correctly set forth by O'Rourke in Paragraph 6 of his filed Complaint, "[t]he Plaintiff maintained two consumer credit card accounts with the Defendant, referred to herein as Account 4008 and Account 61009" ("the Defaulted Accounts").

O'Rourke's Complaint alleges that American Express violated the FDCPA in its various attempts to collect upon the Defaulted Accounts, with actions described but not limited to, sending correspondence to O'Rourke regarding the Defaulted Accounts, telephoning O'Rourke regarding the Defaulted Accounts, communicating with third parties regarding the Defaulted Accounts, and failing to provide adequate verification of the Defaulted Accounts to O'Rourke. Despite the statutory provision of the FDCPA

limiting the assessment of damages to $1,000.00, regardless of the number of alleged violations of the statute, O'Rourke has inexplicably claimed the amount of $20,000.00 in damages, plus attorney fees, costs and interest.

American Express asserts that O'Rourke has failed to state a claim upon which relief can be granted for the following reason:

**1. The cited statute relied upon by O'Rourke does not apply to creditors collecting debts on behalf of themselves;**

As such, American Express asserts that O'Rourke has failed to state a claim upon which relief can be granted, and for this reason the complaint should be dismissed in its entirety, and the appropriate costs and fees assessed against Plaintiff and his counsel.

## II. Statement of Law

**1.     Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted**

In addressing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court is required "to construe any well-pleaded factual allegations in the complaint in favor of the plaintiff and dismiss the complaint only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'". *Gagliardi v. Village of Pawling,* 18 F.3d 188, 191 (2d Cir. 1994)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The Court's function is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient. *Advocacy Organization for Patients and Providers v. Auto Club Ins. Assn.,* 176 F.3d 315, 319 (6th Cir. 1999). The construction afforded for the plaintiff's complaint does not require the Court to accept legal conclusions nor unwarranted factual inferences. *Ohio Bell Telephone Co. v. CoreComm Newco, Inc.,* 214 F.Supp. 2d 810, 812 (N.D. Ohio 2002).

In reviewing the sufficiency of a complaint under 12(b)(6), a District Court is not required to fill in omitted factual allegations, or accept as true conclusory allegations or unwarranted legal conclusions. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-406 (6th Cir. 1998). To survive a motion to dismiss under 12(b)(6), a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). In order for a dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint. *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996).

### III.  Legal Argument

**A.     American Express is not subject to the provisions of the FDCPA when engaged in the practice of collecting its own accounts.**

A bank, such as American Express is a creditor of the Plaintiff; a "creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts". *Stafford v. Cross Country Bank,* 262 F.Supp. 776, 794 (W.D. Ky. 2003) (citations omitted); see e.g. *Russell v. Standard Fed. Bank,* 2000 U.S. Dist. LEXIS 19149, 2000 WL 1923513, at 2 (E.D. Mich. 2000); *James v. Ford Motor Credit, Co.*, 842 F.Supp. 1202, 1206-07 (D. Minn. 1994), *aff'd,* 47 F.3d 961 (8th Cir. 1995); *Meads v. Citicorp. Credit Serv., Inc.,* 686 F.Supp. 330, 333 (S.D. Ga. 1988).

American Express asserts that O'Rourke's claim is baseless because American Express <u>is not a debt collector</u>, as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The term "debt collector" has a particular meaning, however: it refers only to persons attempting to collect debts due "another." See id. § 1692a(6) ("The term 'debt collector' means any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").

The Sixth Circuit construed the FDCPA in *Montgomery v. Huntington Bank,* 346 F.3d 693 (6th Cir. 2003) and, in that case, determined that "the legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors. . . ." Id. at 698 (citing *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985). (emphasis added)). See also, *Wadlington v. Credit Acceptance Corp.*, 76 F. 3d 103, 106 (6th Cir. 1996) (quoting S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1698); *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection. . . <u>are not subject to the Act</u>.")  (Emphasis added).

O'Rourke's Complaint refers only to actions allegedly taken by American Express attempting to collect its own debt.  As such, the provisions of the FDCPA are not applicable and O'Rourke's claim must be dismissed in its entirety.

**B.    O'Rourke and/or his counsel should be assessed costs, attorney fees and sanctions pursuant to Fed.R.Civ.Pro. Rule 11.**

Pursuant to Federal Rule of Civil Procedure 11, the court may assess sanctions against an attorney for filing a complaint containing no legal contentions that are warranted by existing law or by raising a frivolous argument "for the extension,

9

modification, or reversal of existing law, or the establishment of new law." Fed.R.Civ.Pro. Rule 11(b)(2). Rule 11 mandates that the signing attorney (1) must conduct a reasonable inquiry to determine that the document is well grounded in fact, (2) must conduct a reasonable in inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law and (3) can not file the complaint for an improper purpose. Fed.R.Civ.Pro. 11(b). In application, the court must determine whether or not the attorney's conduct was objectively reasonable under the circumstances. *Blachy v. Butcher,* 129 F.App. 173, 180 (6th Cir. 2005).

Under these facts, this Honorable Court should find that O'Rourke through his counsel failed to conduct a reasonable inquiry into the viability of Plaintiff's complaint. Any reasonable inquiry would have revealed that the complaint relied on an inapplicable statute and therefore fails to state a claim on which relief can be granted. Further, it appears that the true intention of O'Rourke is to forestall the payment of a debt to American Express by attempting to manufacture a cause of action against the Defendant without due support or cause. Clearly, this falls within the Rule 11 definition of filing a complaint for an "improper purpose" and the appropriate costs and sanctions should be assessed as such.

### IV. Conclusion

Based on the foregoing facts and law, AMERICAN EXPRESS COMPANY, INC. respectfully requests this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint, and assess costs and sanctions against Plaintiff and/or Plaintiff's counsel for having to defend and appear in defense of this frivolous action.

>Respectfully Submitted,
>
>*/s/ Mimi D. Kalish*_____
>**STILLMAN LAW OFFICE**
>Mimi D. Kalish
>Attorney for Defendant
>7091 Orchard Lake Road, Ste. 270
>West Bloomfield, MI 48322
>(248) 851-6000
>mimi@stillmanlaw.com
>P52383

Dated: December 23, 2010

**CERTIFICATE OF SERVICE**

Mimi D. Kalish hereby states that she is the attorney for Defendant herein, and that on December 23, 2010 she did electronically file Defendant's *Corrected* Motion to Dismiss and Brief in Support, with the Clerk of the Court using the ECF system which will send notification of such filing to those parties listed on the system.

>*/s/  Mimi D. Kalish*_____
>MIMI D. KALISH
>STILLMAN LAW OFFICE
>Attorney for Defendant
>7091 Orchard Lake Road, Suite 270
>West Bloomfield, MI  48322
>(248) 851-6000
>mimi@stillmanlaw.com
>P52383

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS P. O'ROURKE,

    Plaintiff,

vs.                                          Case No.: 10-CV-14374
                                                  Hon. Victoria A. Roberts

AMERICAN EXPRESS COMPANY, INC.,

    Defendant.
_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the attached Motion will be brought on for hearing before the Honorable Victoria A. Roberts at a time and date to be set by the Court. Pursuant to L.R. 7.1 (2) (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.

                                                Respectfully submitted,

                                                **STILLMAN LAW OFFICE**

                                                */s/ Mimi D. Kalish*_____
                                                Mimi D. Kalish (P52383)
                                                Attorney for Defendant

Dated: December 23, 2010

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**THOMAS P. O'ROURKE,**

    **Plaintiff,**

vs.                                                                          Case No.: 10-CV-14374
                                                                             Hon. Victoria A. Roberts

**AMERICAN EXPRESS COMPANY, INC.,**

    **Defendant.**

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

    This matter having come on upon the Motion of Defendants to Dismiss for Failure to State a Claim, and this Honorable Court being fully advised in the premises;

    IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED.

    IT IS FURTHER ORDERED that costs and fees are assessed against Plaintiff and/or Plaintiff's counsel in the amount of $_____.

    **IT IS SO ORDERED.**

                                                                  _____
                                                                  U.S. DISTRICT COURT JUDGE