IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

THOMAS P. O'ROURKE,
    *Plaintiff*

                      Case No. 2:10-cv-14374 filed 11/01/10
  v.                Before the Hon. Mark A. Randon, Magistrate Judge

*AMERICAN EXPRESS COMPANY, INCORPORATED (AMEX),*
    *Defendant.*
_____/
Gary A. Colbert (P 22961)
**ZOMBIE DEBT KILLERS, INC. ©**
**Plaintiff's Attorney**
**29452 Pendleton Club Drive**
**Farmington Hills, MI   48336**
**(248) 615-3719**
<u>**garysweb1@yahoo.com**</u>

Mimi D. Kalish (P52383)
**STILLMAN LAW OFFICE**
Attorney for Defendant
7091 Orchard Lake Road, Suite 270
West Bloomfield, MI 48322
(248) 851-6000
mimi@stillmanlaw.com
_____/

*PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFFS DUE TO DEATH*

*NOW COMES* Gary A. Colbert, pursuant to FRCvP 25 (a)and moves the Court substitute

*MARY ELLEN O"ROURKE, PERSONAL REPRESENTATIVE OF THE ESTATE OF*

*THOMAS P. O'ROURKE* as Plaintiff in the above entitled matter in place of Thomas P.

O'Rourke due to Mr. O'Rourke's death on March 7, 2011.

Pursuant to Local Rule 7.1 the stipulation to this Motion of opposing counsel was sought on May

4, 2011 by EMAIL transmission and refused by opposing counsel by return EMAIL

transmission. Thus, pursuant to LR 7.1 (a)(3) Plaintiff further moves the Court to tax costs in the amount of $700 for counsel's unreasonable withholding of consent.

Plaintiff finally asks for additional time to file the paperwork that created the Estate as same is being secured from different parts of Michigan.

Dated: May 5, 2011                    _____, /s/
                                          Gary A. Colbert,
                                           Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

**THOMAS P. O'ROURKE,**
  *Plaintiff*

       Case No. 2:10-cv-14374 filed 11/01/10
 v.     Before the Hon. Mark A. Randon, Magistrate Judge

*AMERICAN EXPRESS COMPANY, INCORPORATED (AMEX),*
  *Defendant.*
_____/
**Gary A. Colbert (P 22961)**
**ZOMBIE DEBT KILLERS, INC. ©**
**Plaintiff's Attorney**
**29452 Pendleton Club Drive**
**Farmington Hills, MI   48336**
**(248) 615-3719**
<u>garysweb1@yahoo.com</u>

Mimi D. Kalish (P52383)
**STILLMAN LAW OFFICE**
Attorney for Defendant
7091 Orchard Lake Road, Suite 270
West Bloomfield, MI 48322
(248) 851-6000
mimi@stillmanlaw.com
_____/

*STATEMENT OF ISSUE PRESENTED*

The sole issues presented herein are (A) whether **MARY ELLEN O'ROURKE, PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS P. O'ROURKE** shall be substituted in this action as the party Plaintiff and (B) Whether costs should be taxed for the wrongful withholding of consent by the Defendant.

*CONTOLLING OR APPROPRIATE AUTHORITY*

*Federal Rule of Civil Procedure* 25 *(a)* as to the issue of substitution of party and **LR 7.1(a)(3)** as to the issue of taxation of costs.

## *INDEX OF EXHIBITS*

There are no exhibits. Exhibits will be provided within 5 days when received from the attorney who filed the Estate and will include a Death Certificate, the Application initiating the Probate proceeding, the Appointment papers of the fiduciary and the exchange of emails of counsel requesting and denying a stipulation.

### PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFFS DUE TO DEATH

On March 7, 2011, the Plaintiff in the above captioned matter, Thomas P. O'Rourke, unexpectedly died, leaving a widow and four children. They inherit Mr. O'Rourke's legal position and an Estate steps into his shoes. The fiduciary of that Estate, in this case Mrs. O'Rourke, has decided to pursue the remedy for the injuries done her deceased spouse by Defendant. Mr. O'Rourke's rights, in part, are created and secured by Federal law and is the subject matter of this lawsuit. A Motion is pending, set for oral argument on May 24, 2011. To even argue that Motion or otherwise proceed, the Estate has to be substituted for the decedent. Pursuant to FRCvP 25(a), this Motion may be brought by either party. Thus, the Motion is brought at the instruction of the fiduciary of the Estate.

Issues raised by Defendant yesterday, via EMAIL, concern issues to be decided in resolving another Motion, not his one. It is clear that in order for this case to move to the next steps, the deceased Plaintiff has to be substituted by a viable Plaintiff - - the Estate. We so move the Court. On May 4. 2011, the stipulation of opposing counsel was sought and denied. When the exhibits are produced, it will be clear that every reason presented by opposing counsel withholding her consent has nothing to do with the issue herein, but only concerns issues before the Court in her pending Motion. The tone of the communication will speak for itself.

Since this Motion concerns neither an issue of liability or damages, any reliance by opposing counsel on a State Court Rule concerning settlement is mislaid as would reliance on a corresponding Federal Rule. Indeed, The triggering communication purposely avoided these topics. This taxing of costs in the amount of $700 is appropriate as consent was wringfully withheld. We so move.

Dated: May 5, 2011              _____, /s/
                                 Gary A. Colbert,
                                  Plaintiff's Attorn*ey*

### CERTIFICATE OF SERVICE

Gary A. Colbert certifies that he served Defendant's attorney of record with the above **PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFFS DUE TO DEATH** and its supporting Brief via the Court's electronic filing system on even date.

DATED: May 5, 2011     _____, /s/
                        Gary A. Colbert