UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ELLEN O'ROURKE AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF THOMAS P.
O'ROURKE,

        Plaintiff,                     CIVIL ACTION NO. 10-14374

        v.                             DISTRICT JUDGE VICTORIA A. ROBERTS

AMERICAN EXPRESS COMPANY,      MAGISTRATE JUDGE MARK A. RANDON
INC.

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANT'S MOTION TO DISMISS

    This is a case brought under the Fair Debt Collection Practices Act ("FDCPA"). Presently before the Court is Defendant American Express Company, Inc.'s ("Defendant") amended motion to dismiss (Dkt. No. 8). Plaintiff Mary Ellen O'Rourke as Personal Representative of the Estate of Thomas P. O'Rourke ("Plaintiff") filed a response (Dkt. No. 12) to Defendant's motion. Defendant filed a reply (Dkt. No. 13) in support of its motion to dismiss. On May 3, 2011, Judge Victoria A. Roberts referred all pretrial proceedings to the undersigned (Dkt. No. 15).

    The Court heard oral argument on Defendant's amended motion to dismiss on May 24, 2011. For the reasons set forth below, it is **RECOMMENDED** that Defendant's amended motion to dismiss be **GRANTED** and that Plaintiff's case be **DISMISSED**.

# I. FACTUAL BACKGROUND

The following facts are taken directly from Plaintiff's Complaint (Dkt. No. 1). Plaintiff[1] alleges that he maintained two consumer credit card accounts with Defendant, referred to herein as "Account 4008 and Account 61009" ("the Defaulted Accounts"). Plaintiff alleges that Defendant violated the FDCPA in its various attempts to collect upon the Defaulted Accounts, with actions described but not limited to, sending correspondence to Mr. O'Rourke regarding the Defaulted Accounts, telephoning Mr. O'Rourke regarding the Defaulted Accounts, communicating with third parties regarding the Defaulted Accounts, and failing to provide adequate verification of the Defaulted Accounts to Mr. O'Rourke. *See* Complaint ¶¶ 9-15. Plaintiff's Complaint does not allege that Defendant acted with a "false name" or that Defendant pretended to be someone else in attempting to collect the Defaulted Accounts.

# II. DISCUSSION

### A. *Motion to Dismiss Standard*

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P.12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *See Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. __,

---

[1] Thomas P. O'Rourke, the original Plaintiff in this action, passed away during the pendency of this case. Mr. O'Rourke's widow, as personal representative of his estate, was substituted as Plaintiff (Dkt. No. 25).

129 S.Ct. 1937, 1949 (2009). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 566 U.S. at 1950.

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996):

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Fed R. Civ. P. 12(b)(6) based upon its disbelief of a complaint's factual allegations. *See Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### B. American Express Is Not A "Debt Collector" For Purposes Of The FDCPA

As a general matter, creditors who are collecting debts owed to them do not fall within the purview of the FDCPA. Specifically, the definition of "debt collector" provided by the FDCPA begins as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*.

15 U.S.C. § 1692a(6) (emphasis added); *see also* 15 U.S.C. § 1692a(6)(F). In enacting a definition that, as a general matter, excludes creditors, Congress reasoned that creditors may have good reason to avoid excessively dunning its debtors:

> Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them.

S. Rep. No. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.A.N.N. 1695, 1696; *accord Mazzei v. Money Store*, 349 F. Supp. 2d 651, 658 (S.D.N.Y. 2004). Since Defendant American Express is the underlying creditor to whom the debt is owed, it is not a "debt collector" for purposes of the FDCPA. *See MacDermid v. Discover Financial Services*, 488 F.3d 721 (6th Cir. 2007) (credit card company not "debt collector" for purposes of FDCPA); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 411 (6th Cir. 1997) (American Express not a "debt collector" for purposes of the FDCPA).

Congress also recognized, however, that where a creditor uses a "false name" to collect its own debts it may abandon restraint – the creditor can hide behind a pseudonym and harass its

delinquent customers without suffering the reputation-related consequences. *See Sokolski v. Trans Union Corp.*, 53 F. Supp. 2d 307, 312 (E.D. N.Y. 1999). Accordingly, the FDCPA's definition of a "debt collector" continues as follows: "Notwithstanding the exclusion provided by [15 U.S.C. § 1692a(6)(F)] the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

A creditor uses a false name "if it 'pretends to be someone else' or uses 'a pseudonym or alias,' or if it owns and controls the debt collector, rendering it the creditor's alter ego." *Mazzei*, 349 F. Supp. 2d at 659 (quoting *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 234-35, 236 (2d Cir. 1998)). "'The triggering of the FDCPA does not depend on whether a third party is in fact involved in the collection of a debt, but rather whether a least sophisticated consumer would have the *false* impression that a third party was collecting the debt.'" *Id.* at 659-60 (quoting *Maguire*, 147 F.3d at 236) (emphasis added); *Nielsen v. Dickerson*, 307 F.3d 623, 633 (7th Cir. 2002) (explaining that under the "false name" exception "a creditor who uses someone else's name so as to suggest to the debtor that a third party is involved in the debt collection process, *when in fact that party is not involved*, can be treated as a 'debt collector' under the FDCPA." (emphasis added)). The false name exception aims to prevent deceit as to who is actually collecting the debt. *Maguire v. Citicorp Retail Services, Inc.*, 147 F3d 232, 236 (2d Cir. 1998).

Page 10 of Plaintiff's Response claims that because American Express "went to an outside, third party collection agency that referenced the AMEX name in its collection

attempts," this action caused American Express to 'lose its exempt status' as it relates to the FDCPA.  In response to Defendant's motion to dismiss, Plaintiff presents two collection letters sent to Mr. O'Rourke for the American Express debt, one sent by NCO Financial Systems, Inc. ("NCO") on June 8, 2004, and the other sent by Nationwide Credit, Inc. ("Nationwide") on September 4, 2009.  Both of these entities appear to be independent debt collection companies, with no affiliation to Defendant American Express, and with no common ownership interest; Plaintiff has shown no evidence to suggest that American Express is the 'true identity' of either of these two named debt collectors.  Most importantly – for purposes of the present motion to dismiss – Plaintiff has not alleged in the Complaint that NCO or Nationwide are affiliated with Defendant American Express.  Accordingly, Plaintiff has simply not shown, nor even alleged, that the "false name" exception is applicable in this case.

As such, Plaintiff has failed to state a claim against Defendant American Express. Defendant's amended motion to dismiss should be granted, and Plaintiff's case should be dismissed with prejudice.

### C. *Sanctions Are Not Available To Defendant*

In its motion to dismiss, Defendant also requests sanctions against Plaintiff under Fed. R. Civ. P. 11 (Dkt. No. 8, p. 9-10).  Rule 11(b) provides that an attorney or unrepresented person who submits a pleading to the court, "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4). Rule 11(b) also "imposes on litigants a continuing duty of candor, and a litigant may be sanctioned for continuing to insist upon a position that is no longer tenable." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) (internal quotation marks and citation omitted).

Rule 11(c)(2) contains a "safe harbor" provision. It provides that the party seeking sanctions must serve the motion for sanctions under Rule 5 on the opposing party "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service...." Defendant did not file a separate Rule 11 motion, nor does Defendant's motion to dismiss indicate that it was served upon Plaintiff 21 days before being filed. Thus, Defendant is prohibited from recovering Rule 11 sanctions against Plaintiff, since Defendant failed to abide by Rule 11's safe harbor provision.

## IV.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's amended motion to dismiss be **GRANTED** (Dkt. No. 8) and that Plaintiff's suit be **DISMISSED**. It is further recommended that Rule 11 sanctions not be imposed against Plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon  
MARK A. RANDON  
UNITED STATES MAGISTRATE JUDGE

Dated:  June 9, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 9, 2011, electronically and by first class mail.*

*s/Melody R. Miles*  
*Case Manager to Magistrate Judge Mark A. Randon*  
*(313) 234-5542*