UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ELLEN O'ROURKE AS
PERSONAL REPRESENTATIVE
OF THE ESTATE OF THOMAS
P. O'ROURKE,

              Plaintiff,                CIVIL ACTION NO. 10-14374

          v.                       DISTRICT JUDGE VICTORIA A. ROBERTS

AMERICAN EXPRESS COMPANY,    MAGISTRATE JUDGE MARK A. RANDON
INC.,

              Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION
FOR AN AWARD OF COSTS AND ATTORNEY'S FEES (DKT. NO. 33)**

Presently before the Court is Defendant American Express Company, Inc.'s ("American Express") motion for an award of costs and attorney's fees (Dkt. No. 33). American Express's motion is brought under Fed. R. Civ. P. 54(d). In short, American Express requests an award of costs and fees from Plaintiff Mary Ellen O'Rourke as personal representative of the Estate of Thomas P. O'Rourke ("Plaintiff") and against Plaintiff's counsel because, American Express contends, Plaintiff's Fair Debt Collection Practices Act case was frivolous.

At the outset, it should be noted that the more appropriate vehicle for American Express to have requested sanctions against Plaintiff for filing a frivolous case would have been Fed. R. Civ. P. 11. In fact, American Express did previously request Rule 11 sanctions against Plaintiff. However, the undersigned recommended (Dkt. No. 27) that American Express's request for Rule

11 sanctions be denied, as American Express failed to comply with Rule 11's safe harbor provisions.  American Express did not object to this recommended disposition, and the Court fully adopted the undersigned's recommendation to deny American Express's request for Rule 11 sanctions against Plaintiff (Dkt. No. 31).  Essentially, then, American Express is attempting a second bite at the sanctions apple by filing a new request for sanctions.  For the reasons set forth below, American Express's second attempt at levying sanctions against Plaintiff should be **DENIED**.

Under the "American Rule," which this Court follows, prevailing parties are ordinarily required to bear their own attorney's fees absent explicit statutory authority.[1]  *See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., et al.*, 532 U.S. 598, 602 (2001); *see also Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994).  Although American Express is the prevailing party, it failed to provide any statutory authority – other than Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1927 – as a basis for awarding attorney fees.[2]

Rule 54(d) is simply the vehicle to request attorney's fees in appropriate cases.  "Section 1927 provides that any attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess of costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"  *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir.1997) (quoting 28 U.S.C. § 1927).  Under Section 1927, the Court does

---

[1]  There are two common exceptions to the American Rule, neither of which apply here: (1) fees authorized by contract (*see In re: Auto Specialties Mfg. Co.*, 18 F.3d 358, 361 (6th Cir. 1994); and (2) fees as part of a settlement agreement.

[2]  It bears noting that the Ninth Circuit has explicitly held that the Fair Debt Collection Practices Act does **not** authorize an award of fees and costs to a prevailing defendant against a plaintiff's attorney.  *See Hyde v. Midland Credit Management, Inc*., 567 F.3d 1137 (9th Cir. 2009).

not make a determination of subjective bad faith.  *See Jones v. Continental Corp*., 789 F.2d

1225, 1230 (6th Cir.1986).  Instead, the Court must use an objective standard and determine

whether "an attorney knows or reasonably should know that a claim pursued is frivolous." *Id.* at

1230.  In *Riddler*, the Sixth Circuit reiterated that, when applying this objective standard:

> [S]imple inadvertence or negligence that frustrates the trial judge
> will not support a sanction under section 1927. There must be
> some conduct on the part of the subject attorney that trial judges,
> applying the collective wisdom of their experience on the bench,
> could agree falls short of the obligations owed by a member of the
> bar to the court and which, as a result, causes additional expense to
> the opposing party.

*Riddler*, 109 F.3d at 298.

Based on the record of this case, the undersigned simply cannot find that Plaintiff's

counsel unreasonably or vexatiously multiplied the proceedings in this matter.  American

Express filed an initial motion to dismiss (Dkt. No. 6), however this motion was stricken (Dkt.

No. 7) by the Court because American Express failed to comply with the Local Rules of the

Court.  American Express then filed a new motion to dismiss, correcting the defects in its

previously filed motion to dismiss.  In other words, actions of American Express – not Plaintiff –

caused this litigation to proceed longer than perhaps it should have.

Furthermore, on March 7, 2011, Plaintiff Thomas P. O'Rourke passed away.  This case

was then delayed somewhat while Mr. O'Rourke's estate was created and substituted as Plaintiff

in this action.  When a party passes away during the pendency of litigation, a slight delay in the

proceedings is entirely understandable and certainly does not indicate that Plaintiff's counsel

unreasonably or vexatiously multiplied the proceedings.  In sum, the undersigned finds that

Section 1927 sanctions are not warranted against Plaintiff's counsel in this matter, as the record

simply does not indicate that Plaintiff's counsel needlessly dragged out these proceedings. Finally, although Plaintiff's case was ultimately dismissed as legally unviable, considering the pleadings and exhibits in this matter, the undersigned cannot conclude that Plaintiff's case was wholly frivolous.

As for American Express's request for costs, E.D. Mich. LR 54.1 provides that American Express should have filed a bill of costs form[3] with the Clerk's Office within 28 days after the entry of judgment. While American Express did file a bill of costs as an exhibit to the motion presently before the Court (Dkt. No. 33, Ex. E), American Express failed to comply with E.D. Mich. LR 54.1 and file separate a bill of costs with the Clerk's Office, on the form required by the Clerk's Office. Furthermore, American Express did not file any documentation to substantiate its request for costs. As such, American Express's request to tax costs should also be denied.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that American Express's motion for an award of costs and attorney's fees (Dkt. No. 33) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

---

[3] Available at – http://www.mied.uscourts.gov/Rules/BillofCosts200711.pdf

-4-

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the Court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  September 8, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 8, 2011, electronically and by first class mail.*

*s/Barbara M. Radke*
*Judicial Assistant to Magistrate Judge Mark A. Randon*

-5-